Judge Owsley
delivered the opinion of the court.
For the purpose of recovering a debt, which had been contracted by the defendant’s intestate, the plaintiif brought bis action against the defendant in error in the court below.
The defendant pleaded two pleas: by the first, he alledg-ed that lie had fully administered all the goods, &e. which had come to his hands to be administered; and by the second, tie alledged that he had no assets belonging to the estale of the intestate in his hands, to be administered.
Issues being taken to each of these pleas, a jury w’as called, and having heard the evidence, found upon both pleas for the defendant; whereupon, the court rendered judgment in favor of the defendant for his cost expended in the defence, but moreover gave judgment in favor of the plaintiif, for his debt and cost, to be made out of assets which might thereafter come to the hands of the defendant to be administered.
The plaintiff, however, supposing that the court had erred in the judgment rendered against him for cost, brought this writ of error, and has assigned several errors, questioning as well the correctness of the decisions of the cburt in relation to the trial of those issues, as the propriety of giving judgment against him for the cost.
Assuming no error to exist in the trial of those issues, there can be no doubt but that the plaintiff was properly subjected to the cost; for,,as upon those pleas being filed, instead of faking judgment, as he might regularly have done, for his debt to be satisfied out of assets which might thereafter cometo the hands of the defendant, the having thought proper, by traversing those pleas to cause a trial of the issues, he should, most indisputably, upon their being found against him, be made subject to cost.
And with respect to the decision of the court in relation • • ‘ ' ‘ nnv * to the trial of those issues, we are unable to perceive solidobjection.
It certainly cannot have been irregular, for the purpose proving the defendant had fullly administered the estate, to allow him to introduce the account of his administration gettled by the county court. For although sucha settle-meat may not be conclusive, yet whether made before or af *350 ter tjie commencement of the action by the plaintiff, as ‡| vvas ^one a c0l!.rt °f competent jurisdiction, it should tíe received as prima facie correct.
The court fraud/)1*1 eaw ontneficeoi sucb ment.
littell for plaintiff, Pope for defendant in error,
Nor can the court have erred in refusing to permit the f°r the plaintiff to endeavor, by argument, to prove to the jur*, that the settlement with the court was fraudulent and entitled to no weight.
F^tv as the fraud was attempted to be deduced from the face of the settlement, the weight and legal operation of which the court was competent to decide, it was certainly ProPer’ w'li 0, from the settlement no fraud could fairly be inferred, for the court, not to permit their time to be impro-consumed, by an attempt to pervert the just import of the settlement..
The judgment must be affirmed with cost.